The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs on appeal. By Order, oral arguments were waived before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms the holding of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing on 25 September 1998 and by post-hearing agreement as:
 STIPULATIONS
1. On 25 November 1995, the date of plaintiffs injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. On 25 November 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant.
4. Defendants Responses to Plaintiffs First Set of Interrogatories and Request For Production of Documents, marked as Exhibit Number One, are admitted into evidence.
5. A set of plaintiffs medical records, marked as Exhibit Number Two, is admitted into evidence.
 EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Cromer, Melin and Wilfong are OVERRULED.
***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 25 September 1998, plaintiff was fifty-four years old. Plaintiff has graduated from high school and attended college for one year where she studied secretarial science. Plaintiffs work history consisted primarily of clerical and secretarial employment.
2. Plaintiff became employed by defendant on 14 October 1995 as a registration clerk in its emergency department. Plaintiff worked up to thirty-two (32) hours per week and earned $6. 40 per hour. Plaintiffs duties as a registration clerk were primarily clerical in nature, including the entry of data into defendants computer system.
3. On 25 November 1995, plaintiff slipped and fell in the emergency department at approximately 8:30 a.m. Plaintiff landed on her right side and presented to defendants emergency department shortly thereafter.
4. Plaintiff reported to the nurse that she was tender and sore and complained of pain over her right forearm. At that time, plaintiff did not report experiencing right shoulder pain. X-rays of her right wrist revealed no fractures. Plaintiff was provided with an Ace wrap, directed to take over-the-counter medications and seek follow-up treatment from Occupational Health Services.
5. Plaintiff reported to Occupational Health Services on 29 November 1995. At this time, plaintiff had tenderness over her right hand, but no visible swelling or bruising. The ranges of motion in plaintiffs right wrist and shoulder were within normal limits, but the wrist was uncomfortable and there was some crepitus in the right shoulder. Dr. John Cromer diagnosed plaintiff as having sustained right hand contusion and right shoulder strain. Dr. Cromer recommended conservative treatment and allowed plaintiff to continue working in her usual position without restrictions.
6. Plaintiff returned to Dr. Cromer on 4 December 1995. At this time her condition was improving with use of medication and the Ace wrap. On that date, Dr. Comer released plaintiff from his care and recommended that she return if any further problems arose.
7. On 11 March 1996, plaintiff returned to Dr. Cromer and reported that her wrist had improved, but that her right shoulder remained painful. Dr. Cromer referred plaintiff for physical therapy for her right shoulder. Physical therapy began on 15 March 1996, at which time plaintiff also reported experiencing neck pain.
8. While being treated by Dr. Cromer, plaintiff was referred to Dr. Thomas Melin, a neurosurgeon. In 1996, Dr. Melin examined plaintiff in May and June and treated her for neck pain. Following a course of physical therapy, plaintiff made a good recovery. During Dr. Melins treatment of plaintiff in 1996, she exhibited no symptoms that indicated that her neck pain was being caused by nerve root compression.
9. On 3 June 1996, Dr. Cromer released plaintiff from his care and recommended that she continue working in her usual position without restrictions. As of that date, plaintiff was not experiencing symptoms in her right wrist, but was experiencing tightness and pain in her right shoulder and neck. At this time, neither Dr. Melin nor Dr. Cromer had diagnosed plaintiff as having carpal tunnel syndrome, a rotator cuff tear, herniated cervical discs or increased low back pain.
10. Plaintiff sought no medical treatment between June 1996 and 9 October 1996 when she returned to Occupational Health Services and was examined by Dr. Sue Nelson. During the examination, plaintiff did not complain of wrist pain, but did complain of pain in her neck, radiating into her right arm. Plaintiffs reflexes were positive and equal and she had a full range of motion in her right shoulder with no loss of strength. Dr. Nelson diagnosed plaintiff as having resolved wrist and shoulder contusions. Dr. Nelson opined that plaintiffs neck pain was unrelated to her 25 November 1995 injury by accident.
11. After additional conservative treatment, Dr. Cromer released plaintiff from his care, and restricted her from lifting weights greater than ten (10) pounds. Dr. Cromer imposed this restriction as a result of abdominal surgery plaintiff underwent in January 1997 for a condition unrelated to her employment or her injury on 25 November 1995.
12. On 10 March 1997, plaintiff was examined by Dr. Michael Soboeiro. Plaintiff reported to Dr. Soboeiro that she had been experiencing left hip and left wrist pain. Dr. Soboeiro opined that her conditions were related to degenerative joint disease and prescribed over the counter medications.
13. Plaintiff returned to Dr. Cromer on 15 May 1997. At this time, she reported neck and shoulder pain but did not report any right wrist pain. Dr. Cromer recommended additional physical therapy and sought clarification from Dr. Melin whether her symptoms were related to her November 1995 injury. When plaintiff presented to Dr. Melin on 23 June 1997 plaintiff had neurological symptoms that were not present when Dr. Melin examined plaintiff one year earlier. These symptoms were caused by a herniated cervical disc. The disc was not calcified. The absence of calcification makes it probable that the herniated disc was acute in nature and not caused by the incident on 25 November 1995.
14. Plaintiffs low back condition was not caused by her 25 November 1995 injury by accident. Likewise, plaintiffs pre-existing low back injury was not significantly aggravated by the incident on 25 November 1995. If the incident on 25 November 1995 had significantly aggravated her previous low back condition, she would have experienced pain within days of that incident. Plaintiff did not experience low back pain until many months after 25 November 1995.
15. Plaintiffs bilateral carpal tunnel syndrome was not caused or aggravated by her 25 November 1995 injury by accident. That incident did not cause swelling or hemorrhage and her symptoms did not develop immediately after the incident. On 25 November 1995, plaintiff injured only her right wrist. However, she eventually developed symptoms of carpal tunnel syndrome in both wrists.
16. Plaintiffs initial symptoms were not consistent with a torn rotator cuff. If they had been consistent, Drs. Cromer and Melin would have referred her to an orthopedist. Dr. Markworth, who diagnosed plaintiffs shoulder symptoms as being caused by a torn rotator cuff stated in his 8 July 1998 office note that "I can make no judgments with regard to whether or not these problems as they are now, were related to her injury and fall. Plaintiffs right torn rotator cuff was not caused by her 25 November 1995 injury.
17. Plaintiff continued to work in her usual position, without restrictions following her injury on 25 November 1995. The evidence of record is insufficient to prove by its greater weight that plaintiff sustained any permanent impairment or diminished earning capacity as a result of the incident on 25 November 1995.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 25 November 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. G.S. 97-2(6).
2. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 25 November 1995. G.S.97-25. 1.
3. Plaintiff is not entitled to payment of medical expenses incurred for treatment of her rotator cuff tear, bilateral carpal tunnel syndrome, herniated cervical disc or low back pain. G.S.97-25. 1.
4. Plaintiff is entitled to no disability compensation as a result of her 25 November 1995 injury by accident. G.S. 97-29; G.S.97-30; G.S. 97-31.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the Deputy Commissioners holding and enters the following:
 AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of her injury on 25 November 1995.
2. Defendant shall pay the costs, including $200.00 to Dr. Cromer as an expert witness fee.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER